Lois M. WARD, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Defendant.

Civ. A. No. 77–39.

United States District Court,
District of Columbia.

Sept. 12, 1977.

Karl W. Carter, Jr., Washington, D.C., for plaintiff.

John R. Dugan, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Equal Employment Opportunity (EEO) Act of 1972, alleging that she was discriminated against in her employment on the basis of her sex because of defendant's failure to promote her. Specifically, she contends that from July 1964 to January 1970, she was performing the work of a GS–3 Pharmacy Assistant at the National Institutes of Health (NIH), Department of Health, Education and Welfare (HEW), while still being paid as a GS–2 Medical Aide.

This matter is currently before the Court on defendant's motion to dismiss, or in the alternative for summary judgment, and plaintiff's opposition thereto. Defendant alleges that this Court lacks subject matter

jurisdiction because (1) plaintiff did not have a pending charge of discrimination on March 24, 1972, the effective date of the amendments to the Civil Rights Act of 1964; (2) that plaintiff failed to comply with 5 C.F.R. § 712.214(a)(1)(i) requiring her to bring her claim to the attention of an EEO Counselor within 30 days of the act complained of; (3) that plaintiff's claim was untimely filed in this Court following the final decision of the Civil Service Commission (CSC) on July 30, 1976; and (4) that plaintiff's complaint is defective with regard to the claim of . race discrimination.[1]

A rather complicated set of facts constitutes the background of plaintiff's charge of sex discrimination. For purposes of this motion, it is relevant to note that plaintiff initiated the complaint process on December 3, 1971. An agency (NIH) investigation followed and on November 9, 1973, plaintiff was notified of a proposed disposition sustaining her allegation of sex discrimination. On November 28, 1973, HEW overturned that· ruling on the grounds that the complaint was untimely filed and that it did not come under the EEO Act of 1972.

Plaintiff filed a timely appeal to the Civil Service Commission Board of Appeals and Review on December 11, 1973. On March 25, 1974, the Board rescinded HEW's decision of November 28, 1973 and remanded the plaintiff's complaint to the Agency for further processing and a new decision.

On remand, both the previous decisions of NIH finding discrimination and that of HEW finding no discrimination remained unchanged. Plaintiff again filed a timely appeal to the Civil Service Commission, and on July 30, 1976 the Commission issued a final decision affirming HEW's second finding of no discrimination.

■ Defendant first claims that plaintiff did not have a pending charge of discrimination on March 24, 1972, the effective date of the amendments to the Civil Rights Act of 1964. If a claim is not pending, either administratively or judicially on this date,

this Court lacks subject matter jurisdiction. *Womack v. Lynn*, 164 U.S.App.D.C. 198, 504 F.2d 267 (1974); *Jones v. United States*, 376 F.Supp. 13 (D.D.C.1974).

■ It is undisputed that plaintiff's complaint process began on December 3, 1971. What is disputed is whether plaintiff's action at that time constituted the initiation of a "formal complaint".

The record indicates that both the Director of the EEO Staff, HEW and CSC Board of Appeals and Review considered plaintiff's formal complaint to have been filed as of December 3, 1971. Defendant's Exhibit 1, Part I, Tr. 2 and 10. However, even if such a characterization of plaintiff's actions had not been made, the Court finds that the administrative process was initiated as of that date, and that in view of the facts of this case, this is sufficient for this Court to consider plaintiff's claim as pending on March 24, 1972. *See Jones v. Brennan*, 401 F.Supp. 622 (N.D.Ga.1975).

■ Defendant next alleges that plaintiff has failed to comply with 5 C.F.R. § 713.214(a)(1)(i) which requires plaintiff to bring her complaint of discrimination to the attention of an EEO Counselor within 30 days of the alleged act of discrimination before the agency may accept it for processing. It is undisputed that the alleged discrimination in the instant case occurred from July 1964 to January 1970, and that plaintiff did not discuss her complaint with an EEO Counselor until May 1972. This is clearly not within the time provided under the statute. However, after plaintiff initiated her complaint on December 3, 1971, the Agency (NIH) launched an investigation thereof. On November 7, 1973, it sustained her allegations of discrimination.

The purpose for asserting the statute of limitations as a defense to an action is "to promote justice by preventing surprises . . . ." *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S.

---

1. Plaintiff in her opposition to defendant's motion, concedes that her claim of discrimination on the basis of race is not properly before this

Court. Therefore, the Court need not address this contention.

342, 64 S.Ct. 582, 88 L.Ed. 788 (1944). In view of the Agency's actions in the instant case, such a defense is inapposite. *Scott v. Weinberger*, 12 E.P.D. § 11,026, 416 F.Supp. 221 (D.D.C.1976), *appeal dismissed*, (D.C.Cir. Feb. 18, 1977) supports this position. In that case the Court held:

> "The Agency has already taken it upon itself to pursue and complete the required investigation. Under these circumstances there is a distinct lack of prejudice to the defendants, and the statute of limitations should not apply to bar these complaints. . . .
>
> It is within the spirit of the [EEO] Equal Employment Opportunity Act and the demands of justice that, in this case, where the Agency has made the determination that the plaintiffs were victims of employment discrimination and the delay in filing the complaints has not resulted in any apparent prejudice to the defendants, that this Court finds the 30 day filing requirement inapplicable . . ."

■ Finally, defendant contends that this action was untimely filed in this Court. 42 U.S.C. § 2000e–16(c). Defendant's Exhibit 1, Part II, Tr. 3 indicates that a copy of the July 30, 1976 final decision of the CSC was mailed to plaintiff by certified mail, return receipt requested. However, defendant has failed to produce any evidence indicating if or when it was actually received by Ms. Ward. Additionally, plaintiff has filed an affidavit wherein she indicates she did not receive a copy of the decision until December 7, 1976. "Since the 'receipt of notice' and not its mailing is expressly made the event inaugurating the 30-day period, plainly it begins to run only from the time the notice comes into the recipient's hands." *Bell v. Brown*, 557 F.2d 849 (D.C.Cir. May 20, 1977) and cases cited therein. Consequently, plaintiff's January 6, 1977 filing of the instant complaint—ex-

actly 30 days after she has attested to having received notice of the final agency decision—was timely.[2]

Accordingly, defendant's motion to dismiss, or in the alternative for summary judgment, is hereby denied. Defendant shall proceed to answer the complaint within 10 days of the filing of this opinion and accompanying order. Rule 12(a) F.R.Civ.P.

---

2. Plaintiff's timely filing of her complaint in this Court also serves to further negate defendant's previous argument that plaintiff failed to notify an EEO Counselor within 30 days of the alleged act of discrimination. By fulfilling the requirements of 42 U.S.C. § 2000e–16(c), any defects alleged in the filing of the original EEO complaint essentially become irrelevant. This is especially true where the agency accepted the complaint and a final decision was rendered. *Early v. Klassen*, 10 E.P.D. § 10,507 (D.D.C.1975).