584 F.2d 736
 18 Fair Empl.Prac.Cas. 1130, 18 Empl. Prac.
Dec. P 8687
 Lucy P. BICKHAM, Plaintiff-Appellant,
v.
William E. MILLER, Colonel, U.S.A.F. Commander, 3400
Technical Training Group, Technical Training
Center, Keesler Air Force Base,
Mississippi, Defendant-Appellee.
 
 No. 78-2091
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Nov. 22, 1978.
 Paul J. Delcambre, Jr., Biloxi, Miss., for plaintiff-appellant.
 L. A. Smith, III, Asst. U. S. Atty., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before RONEY, GEE and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a district court order dismissing a sex-based employment discrimination suit brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e, Et seq. and 5 C.F.R. § 713.214, Air Force Regulation 40-713 (October 20, 1975). Plaintiff commenced this action in 1976 challenging, as discriminatory, the denial of her application for promotion at the Technical Training Center, Keesler Air Force Base, Mississippi. Upon a record showing that plaintiff did not submit an administrative complaint of discrimination within thirty days of the promotion denial, the district court granted defendant's motion to dismiss for lack of jurisdiction.
 
 
 2
 On appeal plaintiff argues that defendant's motion to dismiss should have been viewed as a motion for summary judgment since the district court relied on the administrative record. The district court, however, may receive evidence and make findings of fact limited to jurisdictional matters on a motion to dismiss. See Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924 (5th Cir. 1975). See also Welsh v. American Surety Co. of New York, 186 F.2d 16 (5th Cir. 1951).
 
 
 3
 Plaintiff argues, in addition, the thirty-day period in which the administrative complaint of discrimination should be filed did not begin to run from the date she learned of the denial of her application for promotion. Rather, plaintiff contends the thirty-day period began to run approximately five months after the promotion denial on the date she discovered that no women served on the promotion evaluation committee. In support of this contention plaintiff relies on Reeb v. Economic Opportunity Atlanta, Inc., supra. It is clear that timely filing is jurisdictional, however, Reeb permits the commencement of the filing period to be delayed in certain instances until a complainant learns or could be reasonably expected to learn of the discriminatory act. Reeb, supra at 930.
 
 
 4
 In Reeb the plaintiff was told that her termination was due to lack of funds. Several months later she learned that a male had been hired to fill her position. The court noted that plaintiff might not have been able to know that discrimination prompted her termination until another person was hired for that position. The court also noted that defendant had deliberately concealed the true facts from plaintiff. The case was remanded to the trial court to determine when a person with a reasonably prudent regard for her rights, so circumstanced, would or should have suspected discrimination.
 
 
 5
 Although the record here is not explicit, it is apparent that the district court found that plaintiff should have investigated the cause of her nonpromotion at the time she learned her application for promotion had been denied. It is not disputed that she was aware that the promotion evaluation committee had been formed and of her new rating under its guidelines five months before she filed the administrative complaint.
 
 
 6
 The determination of the district court that plaintiff should have filed an administrative complaint within thirty days from the date of the promotion denial is not clearly erroneous.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I