**Juan Roberto OAXACA,
Plaintiff-Appellant,**

v.

**Egger L. ROSCOE, Commissioner of
Internal Revenue Service,
Defendant-Appellee.**

No. 80–1196.

United States Court of Appeals,
Fifth Circuit.

Unit A

April 3, 1981.

Thomas L. Kolker, Austin, Tex., for plaintiff-appellant.

Sidney Powell, Asst. U. S. Atty., San Antonio, Tex., for defendant-appellee.

Appeal from the United States District Court for the Western District of Texas.

Before RUBIN and GARZA, Circuit Judges, and SUTTLE *, District Judge.

ALVIN B. RUBIN, Circuit Judge:

The suit of a former Internal Revenue Service employee who contends that the government discriminated against him based on his Mexican national origin was dismissed for lack of subject matter jurisdiction on the ground that the employee failed to bring his complaint to the attention of the Equal Employment Opportunity [EEO] counselor within thirty calendar days as required by the federal nondiscrimination regulations. Concluding that the failure to give timely notice does not deprive the court of subject matter jurisdiction, but raises instead issues that the parties should be given an additional opportunity to address, we reverse the dismissal and remand for further proceedings.

In *McArthur v. Southern Airways, Inc.*, 569 F.2d 276 (5th Cir. 1978) (en banc), we stated that the failure timely to file an administrative complaint with the Equal Employment Opportunity Commission [EEOC] deprives the court of subject matter jurisdiction. The trial court and the parties understandably followed that statement. However, we have now rejected this doctrine and overruled any inference in *McArthur* that the Title VII time period for filing a discrimination charge with the EEOC implicates the subject matter jurisdiction of the court. *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 591 n.14 (5th Cir. 1981) (en banc) [case involving the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (1975)]. *See McArthur v. Southern Airways, Inc.*, 569 F.2d 276, 278–81 (5th Cir. 1978) (Rubin, J. & Vance, J., dissenting).

 Although the failure timely to notify the appropriate administrative authority of a discrimination complaint against a federal agency may bar the claim, tardy notification does not deprive the court of jurisdiction of the subject matter, *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir. 1981) (en banc), but instead results in dismissal because the claim lacks merit. Lack of timeliness in notifying the EEO counselor or in filing a written administrative complaint may be waived, 29 C.F.R. § 1613.214(a)(4) (1980), formerly 5 C.F.R. § 713.214(a)(4) (1978), or the commencement of the running of the time period may be subject to equitable delay until the claimant knew or should have known the facts that would give rise to his Title VII claim. *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1303 (5th Cir. 1979); *Bickham v. Miller*, 584 F.2d 736 (5th Cir. 1978) (federal employee case); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975). *See also Cooper v. Bell*, 628 F.2d 1208, 1212–14 (9th Cir. 1980) (federal employee case). We apply these principles to the facts that the employee, Mr. Oaxaca, might have proved as shown by the pleadings and Oaxaca's affidavit without at this time attempting to determine the merits of Oaxaca's claim.

Oaxaca, a Mexican-American, had been a GS–9 Auditor with the Army Audit Agency when he resigned that position to enter law school. He sought nighttime employment with the IRS by telephone, but was told he would have to take an examination. Both on the phone and at the time Oaxaca took the examination he explained to the IRS representatives that he was a former Civil Service employee with reinstatement rights, but he was informed that he was nevertheless required to take the examination. He passed the examination and was employed part-time by the IRS with a GS–2 classification from March 21, 1977, through May 1, 1977. He applied for a tax examiner's position with a GS–6 rating but limited his application to a position on the four hour night shift. No positions were filled for that shift during the next filing season. On July 25, 1977, Oaxaca's IRS supervisor prepared a performance evaluation giving him a composite score of eighty-four. The supervisor gave him no credit for his prior

* District Judge of the Western District of Texas, sitting by designation.

Civil Service experience because the IRS Service Center gave credit only for prior experience at the Service Center. Although Oaxaca had moved to a new address and had informed the IRS of his change of address, notice of the evaluation was mailed to his old address. Oaxaca contends that he did not receive it.

On April 10, 1978, Oaxaca returned to work at the IRS in his former GS–2 position. That same day he inquired about his performance evaluation and his application for the tax examiner's position. He was informed of his performance evaluation score and that he had not been promoted to the higher rated GS–6 position, but was not informed that the IRS had not filled any positions on the shift he had requested. On April 18, within thirty days of the date he returned to work, Oaxaca notified the EEO counselor that he thought the supervisor discriminated against him in failing to give him the credit due him for his prior Civil Service experience and that the failure of the agency to place him initially in a position with a higher rating as well as the failure to promote him to such a position resulted from discrimination against Oaxaca due to his national origin. Thereafter, he timely filed a formal administrative complaint. Because 180 days had elapsed since Oaxaca filed his administrative complaint and no final agency decision had been rendered, Oaxaca filed this suit in district court. *See* Section 717(c) of Title VII, 42 U.S.C. § 2000e–16(c) (1972), and 29 C.F.R. § 1613.281 (1980), formerly 5 C.F.R. § 713.-281 (1978). After the district court made its determination that subject matter jurisdiction was lacking and dismissed the claim, Oaxaca was notified that the final agency action on his administrative claim was a finding of no discrimination.

Federal law forbids discrimination in all personnel actions affecting federal employ-ees or applicants for employment. Section 717(a) of Title VII, 42 U.S.C. § 2000e–16(a) (1972). The Civil Service Commission previously had the authority, now vested in the EEOC, to enforce the statute and to issue rules and regulations necessary and appropriate to carry out its responsibilities. Section 717(b) of Title VII, 42 U.S.C. § 2000e–16(b) (1972). The regulations [1] require complaints to be submitted in writing and permit an agency to "accept the complaint for processing ... only if ... [t]he complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter...." 29 C.F.R. § 1613.214(a)(1) (1980), formerly 5 C.F.R. § 713.214(a)(1) (1978).

Although Oaxaca did not comply with the thirty-day notice requirement, in other respects he has complied with the regulatory and statutory procedures. He contends that, by accepting and processing his complaint, the agency defendant waived its objection to his failure timely to give notice.

The regulations allow the government agency to extend the thirty-day limit for notification under certain circumstances. 29 C.F.R. § 1613.214(a)(4) (1980), formerly 5 C.F.R. § 713.214(a)(4) (1978), provides:

> *The agency shall extend the time limits in this section*: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) *for other reasons considered sufficient by the agency*. (emphasis added.)

■ Based on this regulation, we concluded in *Huntley v. Department of HEW*, 550 F.2d 290, 295 (5th Cir. 1977), that, once the government agency accepts a complaint

---

1. The Civil Service Commission's regulations were originally codified at 5 C.F.R. §§ 713.-201-.283 (1978). Federal government equal employment opportunity enforcement, including the regulatory power vested in the Civil Service Commission pursuant to Section 717(b) of Title VII, 42 U.S.C. § 2000e–16(b) (1972), was transferred to the EEOC by the President in Section 3 of Reorganization Plan No. 1 of 1978, 43 Fed.Reg. 19,807, 92 Stat. 3781, pursuant to 5 U.S.C. § 901 *et seq.* (1966). As a result, the regulations were recodified without substantial modification at 29 C.F.R. §§ 1613.-201-.283 (1980).

and acts on it, the time limit mentioned in the regulation for making a complaint to the EEO office of that agency is not mandatory. While this statement in *Huntley* is unqualified, the agency in that case had not only investigated the complaint but had determined that the complainant had been the victim of discrimination. We think that the *Huntley* holding is limited to the situation in which the agency has in fact made a finding of discrimination, and we reject Oaxaca's contention that the federal agency, by merely accepting and investigating a tardy complaint, automatically waives its objection to the complainant's failure to comply with the prescribed time delays.[2]

In *Bickham v. Miller*, 584 F.2d 736 (5th Cir. 1978), we again considered the thirty-day limitation applicable to federal employee administrative complaints. The district court had granted the defendant's motion to dismiss because plaintiff did not submit an administrative complaint within thirty days of the alleged discriminatory promotion denial. The opinion in *Bickham* does *not* indicate whether the agency had in fact processed the tardy complaint. Therefore, this court's affirmance of the district court's dismissal for what it called "lack of jurisdiction" in *Bickham* is not necessarily inconsistent with the *Huntley* holding, although *Bickham* does not cite *Huntley*.

*Bickham* also discusses the possibility of an equitable delay in the commencement of the running of the thirty-day period, applying the principle adopted in *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975). *Reeb* involved a private sector employee who failed timely to file a charge with the EEOC. *Reeb* holds that the time period for filing an EEOC complaint does not begin to run until the facts that would support a charge of discrimination would have been apparent to a person with a reasonably prudent regard for his rights, situated similarly to the plaintiff. *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d at 931. Applying the *Reeb* rule, the *Bickham* court held that the employee should have investigated the cause of the denial of promotion and thus the thirty-day time period began to run at the time she learned of the denial of her application for promotion, not five months later when she discovered that no woman had served on the promotion evaluation committee. *Bickham v. Miller*, 584 F.2d at 738. *See Cooper v. Bell*, 628 F.2d 1208, 1213 (9th Cir. 1980) (applying equitable tolling for federal employee filing period).

The district court in this case did not cite *Huntley* but did apply the *Bickham-Reeb* test. It determined that Oaxaca "should have investigated the cause of his being assigned a lower Civil Service rating than he felt he was entitled to and the cause of his nonpromotion at the time those events occurred." This determination was, how-

---

**2.** This interpretation of the *Huntley* holding is consistent with a series of district court cases addressing the waiver issue under the applicable regulations. *See Scott v. Weinberger*, 416 F.Supp. 221 (D.D.C.1976) (where federal employee failed to notify the EEO counselor within the thirty-day period, the failure to comply with the time delay did not bar the federal court claim because the agency had investigated the complaint and determined that plaintiff had been subjected to discriminatory treatment); *Ward v. Califano*, 443 F.Supp. 89 (D.D.C.1977) (same result where agency sustained allegations of discrimination); *Stockton v. Harris*, 434 F.Supp. 276 (D.D.C.1977) (rejecting the contention that acceptance of administrative complaint effected a waiver of the objection to the failure timely to notify the EEO counselor in a case in which the agency rejected the complaint as untimely); *De Medina v. Reinhardt*, 444 F.Supp. 573 (D.D.C.1978) (requiring the federal employee to apply for an express agency determination that a waiver is warranted under 29 C.F.R. § 1613.214(a)(4), formerly 5 C.F.R. § 713.214(a)(4), before a waiver of the time delays is effectuated under that regulation); *Milton v. Brown*, 471 F.Supp. 150, 152 (D.D.C.1979); *Scott v. Claytor*, 469 F.Supp. 22 (D.D.C.1978) (mere acceptance of a tardy complaint does not effect a waiver under 29 C.F.R. § 1613.214(a)(4), formerly 5 C.F.R. § 713.-214(a)(4), because that provision clearly contemplates a deliberate decision by the agency to grant a waiver, not an inadvertent decision by acceptance of a tardy complaint). *See also Sampson v. Civiletti*, 632 F.2d 860 (10th Cir. 1980) (although federal employee who failed to comply with the prescribed administrative complaint procedure might initially have fit within the waiver provision of 29 C.F.R. § 1613.214(a)(4), that provision does not effect a waiver where suit is filed five years after the last contact between the employee and the federal agency).

ever, reached based on allegations in the pleadings and Oaxaca's affidavit without taking testimony.

We have held that the time limits in Title VII for giving notice or filing an administrative complaint are subject to equitable tolling. *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975). In *Bickham v. Miller*, 584 F.2d 736 (5th Cir. 1978), we applied the *Reeb* holding, which permits an equitable delay in the commencement of the running of the time period under certain circumstances, to a case involving a federal agency employee. *See Cooper v. Bell*, 628 F.2d 1208, 1213 (9th Cir. 1980) (equitable delay theory applied in case involving federal employee). We have made it clear in *Coke* that it is a misnomer to consider these time limits, even when applicable, as involving the subject matter jurisdiction of the court. *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d at 591 n.14. Properly evaluated, they relate to the merits of the complaint. *McArthur v. Southern Airways, Inc.*, 569 F.2d 276, 278–81 (5th Cir. 1978) (Rubin, J. & Vance, J., dissenting).

The regulation, moreover, requires that the agency "shall" extend the time limits when the complainant shows that he was not notified of them *and* was not aware of them. *See Bragg v. Reed*, 592 F.2d 1136 (10th Cir. 1979); *Ettinger v. Johnson*, 518 F.2d 648 (3d Cir. 1975), 556 F.2d 692 (3d Cir. 1977). The government concedes in oral argument that the IRS did not notify Oaxaca of the time limits. He should be given the opportunity to show that he was not aware of them, despite his government employment and his education, and the government should be given an opportunity to prove his awareness. Similarly, Oaxaca should be given a chance to establish facts that may entitle him to an equitable tolling or delay in the commencement of the running of the thirty-day time period.

While Oaxaca did not request an evidentiary hearing on the government's *motion to dismiss*, he asserted both the court's subject matter jurisdiction and his

right to relief. A *motion to dismiss for* want of subject matter jurisdiction can take the form of a facial attack on the complaint, requiring the court merely to assess whether the plaintiff has alleged a sufficient basis of subject matter jurisdiction, taking all allegations in the complaint as true. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, —— U.S. ——, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). A factual attack on the subject matter jurisdiction of the court, however, challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d at 511; *McLain v. Real Estate Board of New Orleans, Inc.*, 583 F.2d 1315, 1318 n.1 (5th Cir. 1978), *vacated and remanded on other grounds*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980). *See Green v. Forney Engineering Co.*, 589 F.2d 243, 246 (5th Cir. 1979). Thus, an evidentiary hearing may, in some instances, be required on a motion to dismiss challenging the subject matter jurisdiction of the court. *See generally* 5 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1350 (1969).

However, dismissal for failure to act timely, like dismissal for expiration of the statute of limitations, is properly raised by a Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss for failure to state a claim. *Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413 (5th Cir. 1980); *White v. Padgett*, 475 F.2d 79 (5th Cir.), cert. denied, 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973). *See* 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1277, at 336 (1969). A Rule 12(b)(6) motion to dismiss should not be granted unless it appears from the pleadings beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957); *Ware v. Associated Milk Producers, Inc.*, 614 F.2d at 415.

If the issue raised by a Rule 12(b)(6) motion to dismiss cannot be resolved on the face of the pleadings, the motion may be converted by the court into a motion for

summary judgment. *See* 5 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1366 (1969). After the parties are given adequate opportunity to develop whether there are genuine disputes of material fact, it may be possible to resolve the issue of timeliness without an evidentiary hearing. *See Hickey v. Arkla Industries, Inc.*, 615 F.2d 239 (5th Cir. 1980) (parties are entitled to ten days notice that a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., is being treated as a Rule 56, Fed.R.Civ.P., motion for summary judgment). If, however, there remain genuine disputes of material fact, timeliness of filing, like the applicability of the statute of limitations, can be resolved only after an evidentiary hearing.

In view of the promptness with which Oaxaca subsequently acted, we need not here consider how long after the occurrence of the events the lack of awareness of the time delays or an equitable tolling of the running of the time period for notification or filing may be asserted or whether either excuse might be barred by laches or for some other reason.

Therefore, we REVERSE the dismissal and REMAND for further proceedings consistent with this opinion.