G. Kevin JONES, Plaintiff,

v.

Donald P. HODEL, Secretary of the Interior, Defendant.

No. 88-C-0405-S.

United States District Court, D. Utah, C.D.

April 20, 1989.

G. Kevin Jones, Salt Lake City, Utah, pro se.

Dee V. Benson, Acting U.S. Atty., Salt Lake City, Utah, Joseph Anderson and Jerry R. Atencio, Asst. U.S. Attys., D. Colo., Denver, Colo., for defendant.

SAM, District Judge.

This action is before the court on the objections of both plaintiff G. Kevin Jones and defendant Donald P. Hodel (the government) to the magistrate's report and recommendation (R & R) that the government's motion for summary judgment be denied. Because the parties submitted materials outside the pleadings, the government's motion to dismiss or, in the alternative, for summary judgment is treated as a motion for summary judgment. Fed.R. Civ.P. 41(b).

I. *Facts*

During October 1980 Jones was hired as an attorney-advisor in the Intermountain Office of the Solicitor. He was eligible for promotion to GS-14 as of October 3, 1983. On August 23, 1983 Jones' physician informed the Regional Solicitor that Jones was suffering from chronic ulcerative colitis, later diagnosed as Crohn's disease. Toward the end of 1983 Jones' colon was removed, as a life-saving measure. The

removal affects Jones' digestive system, among other things, and limits his performance of the major life activities of caring for himself and doing manual tasks. By definition of 29 C.F.R. § 1613.702(a)–(d) (1987), Jones is a handicapped individual.

Jones alleges the Regional Solicitor and Acting Regional Solicitor discriminatorily denied his requests for promotion, a flexible work schedule and handicap parking. He further alleges his promotion from GS–13 to GS–14 was removed from the 1984 fiscal year budget and was not resubmitted until April 1987.

In keeping with the appropriate regulation, notices advising Bureau of Reclamation employees of the names of Federal Equal Employment Opportunity Commission (EEOC) counselors to whom to report discrimination charges were displayed in the Federal Building at all times relevant to Jones' complaint. Exhibit "D," defendant's motion to dismiss.

On April 17, 1987 Jones filed a complaint of discrimination with the Office of the Secretary, requesting retroactive promotion to January 1, 1984. In a letter dated June 29, 1987, the government advised Jones the process for filing a formal complaint requires him to contact an EEOC counselor within 30 days of the alleged discriminatory act. Jones contacted the counselor for the first time on July 23, 1987. On August 13, 1987 Jones submitted an administrative complaint to the Secretary's EEOC office. The agency advised Jones, on September 30, 1987, his complaint had been accepted for processing.

Jones was promoted to GS–14 effective April 1987 and given handicap parking and a more flexible work schedule.

In May 1988, Jones commenced this action alleging handicap discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–5 to 2000e–16(c). The government seeks summary judgment on the ground Jones' complaint should be dismissed as untimely filed under 29 C.F.R. § 1613.214(a)(1)(i).

## II. *Summary judgment standards*

Under Fed.R.Civ.P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1] *E.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden has two distinct components: an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always remains on the moving party. *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed.1983).

When summary judgment is sought, the movant bears the initial responsibility of informing the court of the basis for his motion and identifying those portions of the record and affidavits, if any, he believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. In a case where a party moves for summary judgment on an issue on which he would not bear the burden of persuasion at trial, his initial burden of production may be satisfied by showing the court there is an absence of evidence in the record to support the nonmovant's case.[2]

---

**1.** Whether a fact is material is determined by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

**2.** In his dissent in *Celotex,* Justice Brennan discussed the mechanics for discharging the initial burden of production when the moving party seeks summary judgment on the ground the nonmoving party—who will bear the burden of persuasion at trial—has no evidence:

Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient. Such a 'burden' of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment. Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record. This may

*Id.*, 477 U.S. at 323, 106 S.Ct. at 2554, 91 L.Ed.2d at 275. "[T]here can be no issue as to any material fact ... [when] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

Once the moving party has met his initial burden of production, the burden shifts to the nonmoving party to designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

> If the defendant in a run-of-the-mill civil case moves for summary judgment ... based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakenly favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict....

*Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512. The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to

> require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record. Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.

summary judgment as a matter of law. *Id.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202.

III. *Discussion*

This court concurs with the magistrate's determination the government lacks the evidentiary and legal support for summary judgment.

A.   The timeliness of filing requirement

■   Under the relevant regulation, an agency may accept a complaint of discrimination if the complainant brought to the attention of an EEOC counselor the matter causing the complainant to believe he had been discriminated against, within 30 calendar days of the effective date of the discriminatory personnel action.

> 29 C.F.R. § 1613.214 Filing and Presentation of Complaint.
>
> (a) Time Limits.  (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if:
>
> (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter or, of a personnel action, within 30 calendar days of its effective date; ...

The Tenth Circuit has held that the EEOC time limit is not jurisdictional, but a statute of limitations subject to waiver, estoppel and equitable tolling.[3]  *Martinez v. Orr,*

477 U.S. at 323, 106 S.Ct. at 2557–58, 91 L.Ed.2d at 279 (citations omitted).

**3.** In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held the timely filing of an employment discrimination charge with the EEOC is not a jurisdictional prerequisite to a suit under Title VII against a private employer; consequently, it is subject to waiver, estoppel and equitable tolling. The *Martinez* court joined the Eleventh and D.C. Circuits by extending the *Zipes* rationale to the untimely filing of suits by

738 F.2d 1107, 1110 (10th Cir.1984); *Boyd v. United States Postal Service*, 752 F.2d 410, 414 (9th Cir.1985). The time period for filing a complaint of discrimination begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights. *Id.;* 29 C.F.R. § 1613.214(a)(1)(i) (1987).

Under the equitable tolling theory, courts have allowed employees to file a charge with the EEOC as a result of a "continuing violation," even though the employee may have been affected much earlier by an adverse employment decision and the limitations period from that date had already run. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 614 (10th Cir.1988).

**B. Equitable tolling of the 30–day filing period**

█ Equitable tolling of the Title VII time limitation is appropriate only when the circumstances "rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Gray*, 858 F.2d at 615 (citing *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838–39 (10th Cir.1979)). For instance it may be appropriate where the plaintiff has been "lulled into inaction," has been "actively misled," or "has in some extraordinary way been prevented from asserting his or her rights." *Martinez*, 738 F.2d at

1110. A person is "prevented by circumstances beyond his control" from submitting a discrimination charge until the time when "facts that would support a charge of discrimination under Title VII were apparent or should have been apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff." *Wolfolk v. Rivera*, 729 F.2d 1114, 1117 (7th Cir.1984) (citations omitted).

Jones argues a continuing violation occurred because, although no discriminatory intent was obvious at first, it gradually became apparent as his promotion from GS–13 to GS–14 was delayed from 1984 to 1987. He alleges a continuing practice and policy of discrimination is further evidenced by the government's refusal to provide him with flexible work hours and denial of handicap parking privileges. Jones was told his handicap parking request was denied because of the needs of the Federal Bureau of Investigation (FBI) housed in Jones' same building of employment. Jones' affidavit dated Dec. 21, 1988 at 3, para. 6. Jones says he believed his non-promotion and denial of a flexible work schedule were due to such factors as incompetent management, and budget and promotion freezes. Jones' affidavit dated September 26, 1988 at 7–8, para. 21.

This court recognizes sex and racial discrimination can be very subtle, *Myles v.*

---

federal employees. *See Milam v. United States Postal Service*, 674 F.2d 860, 862 (11th Cir.1982) and *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C.Cir. 1982); *but see, e.g., Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984) (federal employee's failure to file timely administrative charge barred later suit, because sovereign immunity makes *Zipes* inapplicable to suits against government). *Martinez* first recognized the Courts of Appeals are not uniform on this question, then set out the following rationale for its holding:

Although suits by federal employees are governed by the shorter, thirty-day limitations period contained in 42 U.S.C. § 2000e–16(c), we perceive no substantial reason why this section should be treated any differently from section 2000e–5(f)(1) for the purposes of equitable tolling....

... Section 2000e–16 was added to the Act in 1972 in order to correct 'entrenched discrimination in the Federal service' and to insure 'the effective application of uniform, fair and strongly enforced policies.' H.R.Rep.

No. 238, 92d Cong., 2d Sess. *reprinted in* 1972 U.S.Code Cong. & Ad.News 2137, 2159. The legislative history of the amendment indicates that in extending the coverage of Title VII to federal employees, Congress intended to give them essentially the same rights and remedies as had been provided employees in the private sector. In review of the principle that Title VII 'is a remedial statute to be liberally construed in favor of victims of discrimination,' *Davis v. Valley Distributing Co.*, 522 F.2d 827, 832 (9th Cir.1975), *cert. denied*, 429 U.S. 1090, 97 S.Ct. 1099, 51 L.Ed.2d 535 (1977), we conclude that the thirty-day time limitation of section 2000e–16(c) is not jurisdictional and may be subject to equitable tolling in appropriate cases.

*Martinez*, 738 F.2d at 1110 (citations and footnote omitted). The Tenth Circuit did not depart from, but refined *Martinez* in *Gray v. Phillips Petroleum Co.*, 858 F.2d 610 (10th Cir.1988), by setting out the tests for equitable tolling of a Title VII claim against the government.

*Schlesinger*, 436 F.Supp. 8, 16 (E.D.Penn. 1977), and discrimination against the handicapped can be equally subtle. The question becomes at what point in time would a reasonably prudent person in Jones' position have recognized discrimination had occurred and acted to correct it.

Fear, pride and embarrassment are normal psychological impediments to suspecting discrimination, *id.* at 16 n. 8; and these could reasonably be inferred where Jones suffered the consequences of colon removal. Also, the government's articulated reasons for denying Jones' requests may have lulled him into inaction, misled him, or kept him from asserting his rights for a period of time. Jones does not allege he was deterred by fear, pride or embarrassment; rather, he alleges the government lulled him into inaction by having him believe there were budget and promotion freezes and the FBI had priority on parking spaces. These allegations must be considered in the context of the time that elapsed while Jones sat on his rights to make a claim of discrimination.

There is no prescribed standard for determining how or when a reasonably prudent person would know he had been discriminated against. This court agrees with the *Myles* court a plaintiff must be more than "not sure" about discrimination and a "reasonable suspicion" standard is an appropriate measure.

> We do not think that complainants are entitled to waivers of the filing requirement merely because they are not sure that they have been discriminated against. This would give Title VII plaintiffs an advantage unknown in any other limitations area. While we do not decide precisely what standard is to be used, we think something like 'reasonable suspicion' is appropriate.

*Id.* at 16 n. 9. The government alleges Jones had knowledge of the agency's promotion policy after a September 17, 1981 letter outlining the policy, circulated in Jones' office. Jones became eligible for promotion on or about October 3, 1983 but was denied promotion in 1984, 1985 and 1986.

Applying *Myles*, this court concurs with the R & R that by the time the agency rejected Jones' promotion on January 13, 1987, Jones should have had at least a "reasonable suspicion" of discrimination and should have realized the facts would support a charge of discrimination. R & R at 5.

The government has met its initial burden of production of showing the absence of a genuine issue of material fact regarding equitable tolling of the 30–day filing requirement. As the nonmovant Jones has failed his burden to designate specific facts showing there is a genuine issue of material fact related to when he should have known he had sufficient facts to support a charge of discrimination. Therefore the court rules as a matter of law that grounds for equitable tolling do not arise here.

**C. Waiver of the 30–day filing period**

■ This court agrees with the R & R that the waiver exception should preclude summary judgment in this case. The relevant regulation gives an agency authority to extend the time limits

> (i) [w]hen the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency.

29 C.F.R. § 1613.214(a)(4)(i). An agency's receipt and investigation of a complaint has been considered a waiver of its right to challenge the limitation filing period, at least where the agency investigation resulted in a finding of discrimination. *See Henderson v. United States Veterans Admin.*, 790 F.2d 436, 440 (5th Cir.1986); *Brown v. Marsh*, 777 F.2d 8, 15 (D.C.Cir. 1985).

In finding a material fact in dispute, the R & R relied on Jones' affidavit which states an independent EEOC investigator had informed Jones she made a specific finding of illegal discrimination. Jones' December 21, 1988 affidavit at 2, para. 4b. Additionally the R & R relied on a state-

ment that the Chief of Complaints Processing for the Office of the Secretary of the Interior had informed Jones the government's EEOC office accepted the investigator's finding, but the Office of the Solicitor rejected it. At the time of the R & R, the government had neither contradicted nor objected to these assertions. The government now submits the declaration of Carmen Santana that she never advised Jones the EEOC office "accepted" the findings and recommendations of the investigator.

Jones rebuts Santana's declaration by introducing her February 1, 1988 memorandum to the Assistant Solicitor for Equal Opportunity Compliance (obtained as a result of the court's order to compel) which states,

> [T]he investigator provided a proposed disposition at the request of this office....
>
> A review of the Investigative Record and the Proposed Disposition demonstrates that the complainant has established an inference of discrimination by a preponderance of the evidence. The evidence regarding management's reasons for the disputed action appears inadequate.

Supplemental memorandum in support of plaintiff's objection to R & R and reply to defendant's objections to the R & R, Ex. 1. By affidavit Jones explains his understanding of the letter:

> Carmen Santana, Chief, Complaints Processing Adjudication Branch, Human Relations Office, Office of the Secretary, U.S. Dept. of the Interior, informed me that the EEO office of the defendant accepted Ms. Powell's findings and recommendations but that the office of the Solicitor of the defendant rejected Ms. Powell's findings and recommendations.

Jones' December 21, 1988 affidavit at 2, para. 4(b). In her declaration of ten months later, Santana appears to deny making any of these statements.

The government relies on *Oaxaca v. Roscoe*, 641 F.2d 386 (5th Cir.1981), for the proposition that mere acceptance and investigation of Jones' claim does not bar the government from rejecting Jones' complaint for being filed outside the 30–day period; the government would be so barred only if it had made an actual finding of discrimination. In *Oaxaca* the Fifth Circuit addressed its plaintiff's claim that, by accepting and investigating a complaint, the agency automatically waived objections to the timeliness of filing. The plaintiff relied on certain unqualified language in *Huntley v. Dep't of Health, Educ. & Welfare*, 550 F.2d 290, 295 (5th Cir.1977), stating that once a government agency accepts a complaint and acts on it, the time limits are no longer mandatory. The *Oaxaca* court limited the broad language of *Huntley*

> to the situation in which the agency has in fact made a finding of discrimination, and ... reject[ed] Oaxaca's contention that the federal agency, by merely accepting and investigating a tardy complaint, automatically waives its objection to the complainant's failure to comply with the prescribed time delays.

641 F.2d at 390.

Jones' case appears to fall squarely within the *Oaxaca* limitation. A reasonable person reading the memorandum from Carmen Santana to the Assistant Solicitor for Equal Opportunity Compliance could infer the agency "had in fact made a finding of discrimination." *Oaxaca*, 641 F.2d at 440. The memorandum suggests the government had not only accepted and begun an investigation of Jones' complaint, but had created an investigative record and reached a proposed disposition, finding (by the preponderance of the evidence) an inference of discrimination.

The central issue is whether the government waived its right to dismiss Jones' untimely complaint. By offering Santana's memorandum that appears to conflict with her declaration, Jones has met his shifted burden of showing facts supporting the existence of a genuine issue of material fact regarding what Santana told Jones and whether an actual finding of discrimination was made. Consequently the government is not entitled to summary judgment as a matter of law on the question whether the government waived its

right to challenge the timeliness of Jones' complaint.

### IV. *Conclusion*

Although these facts do not support Jones' equitable tolling argument, they show a genuine issue of material fact in dispute concerning whether the government waived its right to object to the timeliness of Jones' complaint. Accordingly the court adopts the magistrate's recommendation that the government's motion for summary judgment be denied.