Arlene HAMPTON, Plaintiff–Appellant,

v.

Louis CALDERA, in his capacity
as Secretary of the Army,
Defendant–Appellee.

No. 01–6052.

United States Court of Appeals,
Sixth Circuit.

Feb. 13, 2003.

Before DAUGHTREY and COLE, Circuit Judges, and SARGUS, District Judge.*

OPINION

PER CURIAM.

Plaintiff–Appellant Arlene Hampton appeals the district court's grant of Defendant–Appellee's motion for summary judgment. Defendant–Appellee Louis Caldera, at the time of the inception of this suit, was the Secretary of the Army of the United States of America ("Army"), and was sued solely in his official capacity.

Hampton sued the Army for violations of Title VII of the Civil Rights Act of 1964 and the state law "tort of outrage" which allegedly occurred while she was an employee of the Army. The district court granted summary judgment in favor of the Army on the Title VII claim, finding that Hampton did not consult an Equal Employment Opportunity ("EEO") counselor

* The Honorable Edmund A. Sargus, United States District Judge for the Southern District of Ohio, sitting by designation.

within forty-five days of the discriminatory event, as required by 29 C.F.R. § 1614.105(a)(1) (2002). The district court also granted summary judgment on the tort claim because Title VII provides the exclusive remedy for employment discrimination claims brought by federal employees in federal court. On appeal, Hampton argues only that the district court erred in granting summary judgment with regard to her Title VII claim.

For the reasons that follow, we AFFIRM the judgment of the district court.

## I. BACKGROUND

Hampton worked for the Army at Fort Knox, Kentucky as a resource manager. Hampton alleges that she was placed in a hostile work environment because a co-worker, George Lucas, harassed her by threatening her and blocking her movements. Hampton contends that she notified her supervisor, but no action was taken to prevent Lucas from continuing to harass her. Hampton claims that the hostile environment began in October 1998, and that she complained to supervisors in February 1999 and again in April 1999. On May 22, 1999, Lucas physically assaulted Hampton. As a result, Hampton was given a "written counseling" for being discourteous and instigating the incident. Lucas's proposed suspension was reduced to a "written counseling" because management determined that Hampton was discourteous.

Hampton's last day of work was June 17, 1999. She has allegedly been unable to return to work as a result of the stress caused by the hostile environment. On August 4, 1999, forty-eight days after she stopped working for the Army, Hampton contacted an Army EEO counselor and advised the counselor of her situation.

Hampton filed a formal administrative complaint on October 12, 1999. On October 27, 1999, the EEO Office sent a letter to Hampton's attorney, stating that Hampton's complaint was accepted for investigation subject to a final decision by the Army Director of EEO or his designee. The governing regulations require the agency to conduct an investigation within 180 days of the filing of the complaint, unless the parties agree in writing to extend the time period. 29 C.F.R. § 1614.106(e)(2). On November 1, 2000, more than 180 days after the filing of the complaint, the Army had not yet rendered a decision on Hampton's complaint, and she filed this suit.

## II. ANALYSIS

This Court reviews de novo a district court's grant of summary judgment. *See Allen v. Mich. Dep't of Corr.*, 165 F.3d 405, 409 (6th Cir.1999). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When reviewing a motion for summary judgment, the evidence, all facts, and any inferences that may be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, a "mere scintilla" of evidence is not sufficient; the evidence must be such that a reasonable jury could find in favor of the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### A. Equitable Tolling

"An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discrimi-

natory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). There is no question that Hampton initiated contact with the counselor forty-eight days after her final day of work. Hampton therefore initiated contact outside of the limitations period.

Nevertheless, this Court's inquiry does not end there. "Because administrative exhaustion requirements pursuant to Title VII are not jurisdictional prerequisites, they are subject to waiver, estoppel, and equitable tolling." *McFarland v. Henderson,* 307 F.3d 402, 406 (6th Cir. 2002).

Despite her claim that she properly raised an argument for equitable tolling, Hampton failed to address the factors this Court applies when considering equitable tolling: (1) lack of actual notice of filing requirements; (2) lack of constructive knowledge of filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). It is the burden of the employee in such an instance to plead and prove facts supporting equitable avoidance of a timeliness defense. *Bowden v. United States,* 106 F.3d 433, 437 (D.C.Cir.1997).

■ Hampton has provided no legitimate support for the application of equitable tolling here. Indeed, the only factor that militates in her favor is the fourth factor, absence of prejudice to the defendant. However, the Supreme Court has stated, "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Thus, even if Hampton had argued that there would be no prejudice to the Army, she fails to provide an independent basis in support of equitable tolling.

The Supreme Court has provided examples of circumstances in which equitable tolling would be justified, such as when a claimant has received inadequate notice, where a motion for appointment of counsel is pending, where the court has caused the plaintiff to believe that she had done everything she is required to do, and when affirmative misconduct by the defendant lulled the plaintiff into inaction. *See id.* at 151, 104 S.Ct. 1723. None of these bases for equitable tolling are applicable to Hampton, nor does she assert any similar rationale. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Id.* Because Hampton asserts no independent basis that could justify equitable tolling, and because she bears the burden of proof where she seeks application of this equitable doctrine, there is no basis to apply equitable tolling here.

### B. Waiver of Timeliness Defense

■ Hampton contends that "where a governmental agency accepts and investigates an employee's complaint of discrimination for a lengthy period without ever raising the complainant's tardiness in meeting one of several administrative deadlines, it basically waives any limitations-type arguments in the complainant's subsequent lawsuit." There is no support, however, for this assertion.

The district court held that merely investigating a complaint cannot serve to waive a subsequent untimeliness defense, relying on *Bowden* and *Oaxaca v. Roscoe,*

641 F.2d 386 (5th Cir.1981). The district court found that, had the Army decided the case on the merits without addressing timeliness, the defense would have been waived.

In *Bowden*, the D.C. Circuit held that, despite the fact that the plaintiff failed to comply with the applicable thirty-day complaint-filing requirement, the Immigration and Naturalization Service had waived this defense because it "responded to the merits of [the plaintiff's] complaint without ever questioning its timeliness." 106 F.3d at 438. The court also held, however, that "agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint." *Id.* Thus, because the Army never responded to the merits of Hampton's complaint, but merely accepted it for investigation, Bowden clearly supports the district court's judgment in this case. *See also Belgrave v. Pena*, 254 F.3d 384, 387 (2d Cir.2001) (noting that all other circuits to have addressed the issue have held that accepting and investigating a discrimination complaint does not constitute waiver of an untimely exhaustion defense, and adopting this rule); *Boyd v. United States Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) ("The mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination.").

In *Oaxaca*, the Fifth Circuit reversed a district court's decision to dismiss a Title VII case for lack of subject matter jurisdiction because the plaintiff failed to bring his complaint to the EEO counselor within the required time period. 641 F.2d at 388. The court reversed the dismissal because "tardy notification does not deprive the court of jurisdiction of the subject matter." *Id.* There, the plaintiff filed suit because

180 days had elapsed since Oaxaca filed his administrative complaint and no final agency decision had been rendered. *Id.* at 389. Hampton is correct in noting that the court in *Oaxaca* "reversed the lower court's dismissal of Oaxaca's lawsuit for failure to exhaust administrative remedies by purportedly invoking the administrative process in an untimely manner." However, *Oaxaca* turned on the fact that the district court had improperly dismissed for a lack of subject matter jurisdiction. Rather than depriving the court of jurisdiction, such a case "instead results in dismissal because the claim lacks merit." *Oaxaca*, 641 F.2d at 388. In fact, the court explicitly rejected "Oaxaca's contention that the federal agency, by merely accepting and investigating a tardy complaint, automatically waives its objection to the complainant's failure to comply with the prescribed time delays." *Id.* at 390. Thus, *Oaxaca* also clearly supports the district court's decision here.

Hampton attempts to support the contention that the Army waived its untimeliness defense by failing to respond to her administrative complaint within the required period of time. She argues that, under the reasoning of the district court, "in order to be able to successfully argue that the Army waived any objections to the timeliness of Plaintiff's administrative complaints, she would have had to wait for the Army to decide her complaint, however long that took." This fact is irrelevant. Hampton was able to file suit in federal court as soon as the 180–day review period expired. The case law is clear, however, that absent a determination of the merits, the employer has not waived the untimeliness defense. *See Bowden*, 106 F.3d at 438; *Oaxaca*, 641 F.2d at 390. Indeed, holding otherwise would give the government agency a strong incentive to refrain from investigating and voluntarily remedying such instances of discrimination, due to

the risk of forfeiting an otherwise valid defense to a potential suit. *See Belgrave*, 254 F.3d at 387. As such, her claim is barred.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.