**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 23, 2012

No. 12-30284
Summary Calendar

Lyle W. Cayce
Clerk

SALVADORE BATTAGLIA,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-04311

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Salvadore Battaglia filed suit against the United States for injuries he sustained from a fall in the trailer provided to him as temporary housing after Hurricane Katrina. The district court granted the United States' motion to dismiss for lack of subject matter jurisdiction. It also denied Battaglia's request for additional discovery, finding that he had not alleged negligence by the United States rising above mere contract oversight. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30284

FACTS

In the wake of Hurricane Katrina in August 2005, the Federal Emergency Management Agency ("FEMA") contracted with B & I Services, Inc., to inspect and maintain Battaglia's housing trailer. Though B & I noted a soft spot on the floor on at least three occasions, it did not make repairs. Battaglia fell through the floor on June 28, 2007. B & I then completed a temporary repair but indicated the floor needed to be replaced. Battaglia fell through the floor again on September 2, 2007.

Battaglia filed suit against the United States under the Federal Tort Claims Act ("FTCA"). He alleged FEMA's negligence contributed to his injuries. Though B & I was an independent contractor, Battaglia argues that FEMA's contract required it to evaluate and inspect B & I's performance.

DISCUSSION

We give *de novo* review to 1a district court's dismissal for lack of subject matter jurisdiction. *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009). The party asserting jurisdiction bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A Rule 12(b)(1) motion "should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009). Generally, in ruling on a Rule 12(b)(1) motion, the court may consider any of the following: (1) the complaint alone; (2) the complaint along with undisputed facts in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). When a party challenges the facts on which jurisdiction depends, matters outside the pleadings, such as affidavits and testimony, are considered. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).

No. 12-30284

The FTCA provides a limited waiver of sovereign immunity for torts committed by Government employees acting within the scope of employment. 28 U.S.C. § 1346(b)(1). This waiver expressly excludes "any contractor." 28 U.S.C. § 2671.

The contract with B & I gave FEMA the authority to monitor compliance, but that authority does not itself create liability for the United States. *See Alexander v. United States*, 605, F.2d 828, 833 (5th Cir. 1979). The contract provided that "FEMA or government personnel, shall evaluate the Contractor's performance in accordance with [its] overall level of compliance with the contract terms and conditions and the demonstrated quality and timeliness of the services provided under the contract." A contractual reservation "to the United States [of] the right to inspect the work and facilities of the independent contractor . . . and the right to stop the work, does not in itself override or alter the general rule of nonliability for the torts of the contractor." *Id.* at 834 (quoting *United States v. Page*, 350 F.2d 28, 30 (10th Cir. 1965)).

FEMA contracted with B & I to inspect, maintain, and repair Battaglia's trailer. Before a right to inspect and compel compliance can create liability for the United States, FEMA must have a duty to perform day-to-day supervision. *United States v. Orleans*, 425 U.S. 807, 815 (1976). The contract did not require such supervision or inspection over B & I's operations. Consequently, there is no basis for finding the United States liable.

The district court's denial of Battaglia's request to conduct additional jurisdictional discovery is reviewed for abuse of discretion. *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 469 (5th Cir. 2009). Ordinarily, a district court's discretion in discovery matters will not be disturbed unless there are unusual circumstances showing a clear abuse. *Id.* The district court reviewed the contract between FEMA and B & I and a sworn affidavit establishing that FEMA delegated responsibility to B & I for inspecting and

3

maintaining Battaglia's trailer. These documents provided sufficient evidence on which the district court could conclude that FEMA's right to inspect did not expose it to direct liability and that the court lacked subject matter jurisdiction.

Battaglia sought to depose Thomas Warder, the FEMA employee who provided the affidavit in support of the United States' motion to dismiss, and also requested "various logs and documents" from Warder. Battaglia argued that fairness dictated he be given an opportunity to conduct discovery on the issue of subject matter jurisdiction before the court ruled. The district court found that Battaglia had not identified with any precision what information the affiant could provide that had not already been provided. A party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quotation and citation omitted).

Battaglia argues for the first time on appeal that subject matter jurisdiction and the claim on the merits are so intertwined that resolution of the jurisdictional issue is dependent upon the resolution of the merits. This court generally does not review issues raised for the first time on appeal. *Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 1993).

AFFIRMED.