**Elzie D. ODOM, Plaintiff,**

v.

**Anthony M. FRANK, in his capacity as Postmaster General of the United States, Defendant.**

Civ. A. No. 4–86–217–K.

United States District Court,
N.D. Texas,
Fort Worth Division.

Jan. 13, 1991.

As Corrected Jan. 17, 1991.

See also 781 F.Supp. 1191.

Cheryl R. Wattley, Ravkind, Rolfe & Baccus–Lobel, Dallas, Tex., for plaintiff.

Marvin Collins, U.S. Atty., Mattie Peterson Compton, Asst. U.S. Atty., Fort Worth, Tex., co-counsel Suzanne Hassell Milton, Office of Labor Law, U.S. Postal Service, Washington, D.C., for defendant.

## MEMORANDUM OPINION

BELEW, District Judge.

Today, the Court enters the final judgment in this action in accordance with the previously issued Findings of Fact and Conclusions of Law. The Court issues this Memorandum Opinion in conjunction with the Final Judgment to dispose, and explain the disposal, of all remaining issues in this case.

The Court finds that the plaintiff is entitled to unpaid backpay from the date November 4, 1983, until retirement on June 2, 1987 in the amount of $8,704.04. The Court further finds that the plaintiff is entitled to unpaid annuity from the date of retirement until the date of judgment in the amount of $8,796.15.

The Court has considerable discretion in fashioning an appropriate remedy under 42 U.S.C.2000e–5(g) (1989). *E.g. Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 263 (5th Cir.1974), *cert. denied* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979). The Court finds that the Plaintiff is entitled to pre-judgment interest. *Green v. USX Corp.*, 843 F.2d 1511 (3rd Cir.1988), *vac'd,* 490 U.S. 1103, 109 S.Ct. 3151, 104 L.Ed.2d 1015 (1989), *modified,* 896 F.2d 801 (3rd Cir.1990). The purpose of pre-judgment interest is to com-

pensate the plaintiff, and not punish the defendant. *Id.* It would be unjust to leave the plaintiff uncompensated for the denial of the use of funds that he was entitled to, and would have received but for the prohibited conduct of the defendant. It would be equally unjust to require the defendant to indemnify every claimant under Title VII for the use of funds dating from every employment decision. An equitable solution would balance the defendants interest in defending frivolous lawsuits and the plaintiffs rights in denied salary adjustments. The Court finds, therefore, that an appropriate date for pre-judgment interest to begin running is the date the hearing examiner submitted his findings, March 4, 1985. The examiner found that the plaintiff was the victim of discrimination. At that point, the defendant was on notice that this particular plaintiff's claims were not frivolous, and the plaintiff had an increased expectation of receiving his improperly denied salary increase. Only the defendant's decision not to accept the findings of the hearing examiner delayed the plaintiffs receipt of funds and forced him into the federal courts.

■ No one method of computation of pre-judgment interest is apparent to this Court. Rather, the varying circumstances of each case necessitate the allowance of the discretion that this Court may exercise in fashioning a remedy. *Valdez v. Church's Fried Chicken, Inc.*, 683 F.Supp. 596, 636 (W.D.Tex.1988). Even the particular interest rate is indefinite. *See Id.* The factors in this case that bear upon determining an appropriate remedy include the relatively small size of the award and its nature as the salary and primary income of the plaintiff, the time since the discrimination occurred, the regularly increasing level of damages through salary or annuity payments, and the widely varying interest rates over the period during which damages have been accumulating. Specifically because of the accumulating damages and the varying interest rates, the Court finds that no one interest rate or one date from which to compute interest is an appropriate remedy in this case. Therefore, having previously found that pre-judgment inter-

est should begin accumulating from the date of the hearing examiner's report, the Court now finds that damages will be computed in yearly increments from the date of that report. The interest rate will be the federal judgment rate pursuant to 28 U.S.C. 1961 applicable for each yearly increment, essentially this is the 52–week treasury bill average yield from the February auction prior to the yearly increment date. A different interest rate will apply to each yearly increment, and that rate will apply until the judgment date. The interest will be compounded annually upon the average accumulated damage amount for each increment year. Using this formula, the Court calculates that the plaintiff is entitled to an additional award of $6,212.68 in pre-judgment interest.

■ The plaintiff is entitled to an award of attorneys' fees. 42 U.S.C. 2000e–5(k) (1989). Plaintiff employed two attorneys in this case. The defendant objects to the billing rates of both attorneys and the hours billed by Jessica Alexander. The Court does not find the 37.5 hours expended by Ms. Alexander to be excessive and therefore will not reduce them. Nor does the Court find that Ms. Alexander's hourly billing rate of $135 is out of line with local rates, and so will not reduce those hours. The Court does believe that Ms. Wattley's prayed for rate of $200 an hour is a bit much when compared with the standard rates of attorneys in the local community. Therefore, the Court will order that Ms. Wattley be compensated at a rate of $160 an hour for 178.65 hours.

■ This Court is to routinely award costs to the prevailing party. Fed.R.Civ.P. 54(d). Allowable costs are determined in accordance with 28 U.S.C. 1920 and 42 U.S.C. 2000e–5. Attorneys' fees are generally not recoverable as costs under 28 U.S.C. 1920, but are specifically authorized under 42 U.S.C. 2000e–5(k). However, attorneys' fees are not recoverable for non-attorneys under 42 U.S.C. 2000e–5(k), or for pro-se plaintiffs even if they happen to be attorneys. *See Kay v. Bremer Ehrler and Kentucky Board of Elections,* ——

U.S. ——, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). Therefore, the Court will not allow the plaintiff to recover the expense of a non-attorney advisor at the administrative hearing.

■ Additionally, plaintiff attorneys' travel expenses related to depositions will not be taxed as costs. *Dowdell v. City of Apopka, Fla.*, 521 F.Supp. 297, 306 (M.D.Fla.1981). Nor will the standard messenger or postage fees. *Id.* Other costs, relating to depositions, exhibits, and court filing fees, totalling $1,295.38, will be allowed and taxed to the defendant.