Melissa MIGIS, Plaintiff,

v.

PEARLE VISION, INC., Defendant.

No. 3–95–CV–0491–BD.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 28, 1996.

Bennee B. Jones, Jackson, Lewis, Schnitzler & Krupman, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

KAPLAN, United States Magistrate Judge.

Plaintiff Melissa Migis has filed an application for fees, costs and expenses as the prevailing party in this Title VII case. For the reasons stated below, plaintiff is awarded attorney's fees in the amount of $80,718.75 and $4,297.32 in costs and expenses.

## I.

## BACKGROUND

Plaintiff sued her former employer, Pearle Vision, Inc., for sex discrimination under Title VII of the Civil Rights Act. 42 U.S.C. § 2000e, et seq. Her claims were based on two different but related employment decisions. First, defendant eliminated her position as a programmer/analyst in the Corporate Systems Group while she was out on pregnancy leave. Second, defendant failed to hire plaintiff as a senior programmer in the Product Services Group after she was able to return to work. A bench trial was held on June 10–12, 1996. The Court found that the defendant discriminated against plaintiff because of pregnancy when it eliminated her position with the company. Plaintiff was awarded $7,233.32 in back pay and benefits, $5,000 in compensatory damages, and $1,058.17 in prejudgment interest. A judgment was signed on June 21, 1996. The Court invited plaintiff to file an application for fees and costs within fourteen days in accordance with Rule 54(d) of the Federal Rules of Civil Procedure.[1]

Plaintiff filed her fee application and supporting affidavits on June 26, 1996. Counsel has requested legal fees in the amount of $109,997.50 for 385.25 hours of work performed by attorneys and legal assistants in this case. She also seeks $6,400.64 in costs and expenses. Defendant filed its response

Kenneth Molberg, Wilson, Williams, Molberg & Mitchell, P.C., Dallas, TX, for Plaintiff.

---

1. Rule 54(d) provides, in relevant part, that "[c]laims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed R.Civ. P. 54(d)(2)(A). The fee application must be submitted no later than fourteen days after entry of the judgment. Fed.R.Civ. P. 54(d)(2)(B).

and controverting affidavits on July 12, 1996. Plaintiff submitted a reply brief on July 22, 1996. Additional evidence was presented at a hearing on August 20, 1996. The issues have been fully briefed by the parties and this matter is now ripe for determination.

## II.

### ATTORNEY'S FEES

Plaintiff is entitled to reasonable attorney's fees as the prevailing party in this Title VII case. *See* 42 U.S.C. § 2000e–5(k). Defendant does not contend otherwise. Rather, defendant argues that the number of hours devoted to this case and the hourly rates charged by lawyers and legal assistants are excessive. Defendant further maintains that the total fee should be reduced because of the relatively small amount of damages awarded to plaintiff, the contingent nature of the fee agreement, the overall "desirability" of the case, and the ability of counsel to accept other employment. The Court will address each of these factors under established Supreme Court and Fifth Circuit precedent.

### A. *Applicable Law*

The determination of reasonable attorney's fees involves a three-step procedure. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). First, the court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for participating attorneys. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939; *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 173, 133 L.Ed.2d 113 (1995). The reasonable number of hours must then be multiplied by the reasonable hourly rate. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939; *Kellstrom,* 50 F.3d at 324. The product of this multiplication is the "lodestar" which may be adjusted upward or downward depending on the circumstances of the case. *Shipes v. Trinity Industries,* 987 F.2d 311, 319–20 (5th Cir.), *cert. denied,* 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993); *Brantley v. Surles,* 804 F.2d 321, 325 (5th Cir.1986).

A district court must consider twelve factors in adjusting the lodestar amount. They are: (1) the time and labor required for the case; (2) the novelty and difficulty of the issues involved; (3) the skill required to litigate the case; (4) the ability of the attorney to accept other work; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances of the case; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Shipes,* 987 F.2d at 320 n. 6; *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). Some of these factors are subsumed in the lodestar amount and should not be considered in making any necessary adjustments. *See Shipes,* 987 F.2d at 320; *Von Clark v. Butler,* 916 F.2d 255, 258 (5th Cir.1990). However, the court should pay "special heed" to the time and labor involved, the customary fee, the amount in controversy and results obtained, and the experience, reputation and ability of counsel. *Von Clark,* 916 F.2d at 258.

### B. *Lodestar Calculation*

The Court must first determine the reasonable number of hours expended on the case and the reasonable hourly rates for participating attorneys. Plaintiff has produced detailed time records which show that her lawyers spent a total of 385.25 hours for the preparation and trial of this cause. Kenneth H. Molberg served as lead counsel and worked 325.5 hours. His partner, Roger G. Williams, assisted at trial and worked 35.5 hours. Their legal assistants worked an additional 24.25 hours. Plaintiff contends that $300 is a reasonable hourly rate for her two lawyers and $70 is a reasonable hourly rate for their legal assistants. She relies on affidavits from two attorneys who specialize in employment law to support her position.

Defendant objects to both the amount of time spent on the case and the rate of compensation. Defendant focuses on: (1) inadequacies in the billing records; (2) the failure

of plaintiff to prevail on one of her claims; (3) unnecessary work performed by counsel; (4) excessive time required to complete routine litigation tasks; and (5) the lack of any novel or complex legal issues. Defense counsel has submitted her own affidavit and copies of fee applications in two other cases in an effort to show that $150 is a reasonable hourly rate.

### 1. Reasonable Number of Hours Expended

■ A fee applicant is required to document the time spent and services rendered on a case. *Hensley,* 461 U.S. at 436, 103 S.Ct. at 1941; *Cooper v. Pentecost,* 77 F.3d 829, 832 (5th Cir.1996). The Court must review these records and exclude all time that is excessive, duplicative or inadequately documented. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939; *Von Clark,* 916 F.2d at 259. The hours surviving this vetting process are those reasonably expended on the litigation. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir.1993).

#### a. Documentation

■ Defendant first argues that the billing records submitted by plaintiff are inadequate because counsel did not segregate the time spent on various claims and provided only a vague description of the services rendered. Plaintiff has submitted 18 pages of records describing the services performed by her attorneys and the time required to accomplish those tasks. The time records are kept in quarter-hour increments. Separate entries appear for each task performed by an attorney or legal assistant. Defendant has not identified any specific entry that is duplicative, repetitive, or inherently unreasonable. The Court finds that these billing records are more than adequate to support the fee application.

#### b. Unsuccessful Claims

■ Defendant also contends that the number of hours spent on this case is unreasonable because plaintiff did not prevail on all of her claims. Defendant notes that the original complaint specified four acts of discrimination: (1) the elimination of plaintiff's position while she was out on pregnancy leave; (2) the failure to rehire plaintiff after she was able to return to work; (3) discrimination in the terms, conditions and privileges of employment; and (4) retaliation. Plaintiff was successful on only one of these claims at trial. Defendant therefore argues that her lawyers are not entitled to compensation for an estimated 85.5 hours of time spent on these unsuccessful claims.

■ The successful prosecution of a discrimination claim is a prerequisite for the recovery of attorney's fees under Title VII. 42 U.S.C. § 2000e–5(k); *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940. As a general rule, a party is not entitled to attorney's fees for the prosecution of an unsuccessful claim. *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940. However, claims that involve common facts or derive from related legal theories cannot be viewed as separate or discrete causes of action. *See Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940; *Hernandez v. Hill Country Telephone Cooperative, Inc.,* 849 F.2d 139, 144 (5th Cir.1988). The test is "whether the plaintiff has been successful on *the central issue* ... as exhibited by the fact that he has acquired *the primary relief sought.*" *Commonwealth Oil Refining Co., Inc. v. EEOC,* 720 F.2d 1383, 1385 (5th Cir.1983), *quoting Iranian Students Ass'n v. Edwards,* 604 F.2d 352, 353 (5th Cir.1979) (emphasis in original). The district court has broad discretion in determining whether successful claims and unsuccessful claims are related to one another. *Compare Hernandez,* 849 F.2d at 144 (upholding finding that Title VII claims were related) *with Rendon v. AT & T Technologies,* 883 F.2d 388, 398–99 (5th Cir. 1989) (upholding finding that Title VII claims were not related).

The Court concludes that all of the claims asserted by plaintiff are related. Plaintiff alleged various instances of sex discrimination which ultimately led to her termination by the defendant. At trial, she sought to prove that the defendant eliminated her position as a programmer/analyst because she took pregnancy leave and failed to offer her another job after she was able to return to work. Both claims involve sex discrimination based on pregnancy. The relief sought was the same. It is improper to piecemeal a case

into "issue parcels" when different claims are designed to achieve the same result. *See Robinson v. Kimbrough,* 652 F.2d 458, 466 (5th Cir.1981). Plaintiff successfully sued her former employer for sex discrimination and her attorneys should be fully compensated for their efforts. *See Hernandez,* 849 F.2d at 144.

#### c. Unnecessary Work

■■■ Defendant contends that approximately 19 hours of work performed in this case represent nothing more than counsel's "pique" and should be deducted from the total number of billing hours as an unreasonable expenditure of time. The Court disagrees. These services relate to various discovery motions filed by the defendant and disagreements over the joint pretrial order and proposed judgment. They can hardly be characterized as "unreasonable" in the context of modern day litigation practices. It is also important to note that plaintiff prevailed on a majority of these disputes.[2] The Court finds that the hours are reasonable.

#### d. Excessive Time and "Clerical" Work

■■■ Defendant argues that 124.75 hours of work are *"per se* excessive" and an additional 13 hours represent "clerical work" that is not compensable under *Johnson.* The Court has reviewed the billing records and disagrees with these characterizations. Most of the time defendant claims is "excessive"

was spent reviewing pleadings, meeting with the client, attending depositions, conducting discovery, working on the pretrial order, and preparing for trial. A majority of the work described as "clerical" was part of the initial case investigation and included corresponding with the client, negotiating a fee contract, reviewing EEOC records, and collecting relevant documents. These services are all reasonable and necessary for the effective prosecution of a Title VII case. Defendant has identified specific entries it claims to be unreasonable but does not explain why the time spent by counsel on those tasks is excessive. Rather, it appears that the defendant has objected to any billings of significant magnitude and any services that involve the "receipt and review" of documents or correspondence.[3] The Court finds that the number of hours devoted to this case is not excessive.

#### e. Novelty and Complexity of the Case

Defendant maintains that counsel should not be compensated for "excessive hours at a premium rate" because the issues in this case were not novel or complex. The Court agrees that this was a relatively straightforward case based on a single, discrete claim of pregnancy discrimination. However, that does not necessarily make the number of hours invested in this case unreasonable. The difficulties in proving sex discrimination are well known. Much of the work per-

---

**2.** Defendant objected to the production of certain documents under a subpoena duces tecum and filed a motion to strike any evidence from plaintiff's treating physicians because they did not submit written expert reports. The Court ordered most of the documents produced and refused to strike the experts. The parties were also unable to agree on a proposed form of judgment. The Court eventually entered a judgment which is substantially similar to the one submitted by plaintiff.

**3.** Defendant highlights the following examples of fees that it claims are *per se* excessive:

July 11, 1995– 8.25 hours to prepare for and attend the first part of plaintiff's deposition.

August 30, 1995– 6.50 hours to prepare for and attend the the second part of plaintiff's deposition and correspond with opposing counsel on discovery matters.

May 28, 1996– An unspecified portion of 10.25 hours devoted to "dictation" and the research and revision of proposed findings of fact and conclusions of law.

May 31, 1996– 9.75 hours working on revisions to pretrial order, corresponding with opposing counsel about the pretrial order, and reviewing defendant's proposed findings of fact and conclusions of law.

June 12, 1996– An unspecified portion of 7.50 hours spent in trial.

The Court does not find the amount of time spent on those tasks to be excessive or unreasonable given the overall tenor of this proceeding. Defendant has failed to present any specific evidence to the contrary.

formed by counsel involved factual investigation, witness interviews and depositions. There were at least three protracted pretrial disputes, all precipitated by the defendant. Significantly, defense counsel charged her client over $200,000. The Court has no reason to question the integrity of those billings or the necessity of legal services provided to the defendant. Neither is there reason to doubt that the work performed by plaintiff's counsel was reasonable and necessary.

### C. Reasonable Hourly Rate

■ Plaintiff claims that she is entitled to compensation at the rate of $300 per hour for her attorneys and $70 per hour for their legal assistants. Defendant maintains that the customary hourly rate in employment discrimination cases is $150 for attorney time and $50 for legal assistant time. The parties have surveyed the rates charged by lawyers in similar cases and extensively briefed the issue.

At least two of the *Johnson* factors are relevant in determining a reasonable rate of compensation. They are: (1) the experience, reputation and ability of counsel; and (2) the customary fee for similar work in the community. *Shipes,* 987 F.2d at 319; *Alberti v. Klevenhagen,* 896 F.2d 927, 930 (5th Cir.), *vacated in part,* 903 F.2d 352 (5th Cir.1990). The Court will address both of these factors in the context of this litigation.

#### a. Experience, Reputation and Ability of Counsel

Plaintiff was represented by Kenneth H. Molberg throughout this case. Molberg is an attorney of extraordinary ability and competence. He has specialized in employment discrimination and civil rights cases for nearly twenty years and numerous courts have recognized his expertise in this area of the

law.[4] This was a hotly contested lawsuit involving claims that were difficult to prove. Molberg handled the case with admirable efficiency and achieved a good result for his client. The Court believes that his efforts are worthy of compensation at the highest prevailing market rate.

Roger G. Williams assisted Molberg at trial. Williams is a board certified personal injury trial lawyer with over twenty years of experience. He is also a certified public accountant. Williams used his knowledge of accounting principles to cross-examine a defense witness on an important financial issue raised by evidence. Defendant chides plaintiff for using two lawyers at trial.[5] This attack is disingenuous. Defendant used as many as four lawyers at different times during the case and was represented by two attorneys at trial. The Court notes, however, that Williams served a co-counsel and had a limited role in the proceedings. He should be compensated at the prevailing rate for a second-chair attorney.

#### b. Customary Fee for Similar Work

The Court must also look to the customary fee for similar work in the community. Plaintiff relies on two cases from the Southern District of New York to justify compensation at the rate of $300 per hour. *See EEOC v. Hong Kong & Shanghai Banking Corp., Ltd.,* 896 F.Supp. 341, 342 (S.D.N.Y. 1995); *Monaghan v. SZS 33 Associates, L.P.,* 154 F.R.D. 78, 85 (S.D.N.Y.1994). The Fifth Circuit authorities cited by the defendant involve rates ranging from $150–$165 per hour. *Purcell v. Seguin State Bank,* 999 F.2d 950, 961 (5th Cir.1993); *Shipes,* 987 F.2d at 319–20; *Odom v. Frank,* 782 F.Supp. 50, 52 (N.D.Tex.1991), *rev'd on oth-*

**4.** *See, e.g. Cleveland v. American Personnel Services, Inc.,* No. 3–90–CV–0378–G (N.D.Tex.1991) (Fish, J.) (counsel "is undeniably very knowledgeable in this field"); *Sherman v. NTSU* No. S–81–52–CA (E.D.Tex.1987) (Justice, C.J.) ("Molberg ... is well versed in this sort of litigation"); *Tovar v. Republic National Life Insurance Co.,* No. 3–82–CV–0001–F (N.D.Tex.1983) (Hill, J.) (Molberg is "an able attorney who performs effective legal work"); *Smith v. Thomas,* No. 3–80–CV–0382–R (N.D.Tex.1981) (Buchmeyer, J.) ("plaintiff's counsel has had extensive experience in a broad area of civil rights litigation and

possesses a high degree of ability and knowledge in this area of the law").

**5.** Defendant questions "why a practitioner of the professed skill level and experience of Mr. Molberg would require another attorney to hold his hand at trial on a single plaintiff/single defendant case involving a self-described 'single, discrete claim' of pregnancy discrimination." This type of sarcastic and condescending argument is neither professional nor persuasive and will not be condoned by the Court.

*er grounds,* 3 F.3d 839 (5th Cir.1993). None of these cases are particularly instructive. Rather, the Court is persuaded more by evidence of the hourly rates awarded to plaintiff's counsel in similar cases. Molberg testified that a federal judge approved compensation at the rate of $250 per hour in a discrimination case he handled five years ago. More recently, he was awarded fees at the rate of $285 per hour in two state court cases.

Defense counsel testified that the customary billing rate for employment lawyers with twenty years of experience is between $235–$250 per hour. Bennie Jones billed her client at the rate of $210 per hour. Jones is a ten-year lawyer who has tried two employment discrimination cases as lead counsel. Two associates with the firm, William Davis and Carol Gustavson, billed their services at the rate of $190 and $140 respectively. Davis has been licensed to practice law for seven years. Gustavson has two years of experience. There is no reason why Molberg and Williams should not be compensated at comparable rates.

The parties also disagree on the prevailing rate for services performed by legal assistants. Molberg testified that $70 per hour is "a fair and reasonable" rate for work done by his legal assistant. Jones stated that her firm charges for paralegal services at the rate of $50 per hour. The Court is inclined to adopt the actual billing rate as the best evidence of the prevailing market rate in the community.

### D. *Lodestar Amount*

The Court has considered each of the factors set forth above and finds that plaintiff's counsel should be compensated for all of the time expended in this case. The Court further finds that: (1) $250 per hour is a reasonable hourly rate for the services performed by Kenneth H. Molberg as lead counsel; (2) $200 per hour is a reasonable hourly rate for the services performed by Roger G. Williams as co-counsel; and (3) $50 per hour is a reasonable hourly rate for the services of legal assistants. The lodestar amount is calculated as follows:

| | | |
|---|---|---|
| Kenneth Molberg– | 325.5 hours × $250 per hour = | $81,375.00 |
| Roger Williams– | 35.5 hours × $200 per hour = | $ 7,100.00 |
| Legal Assistants– | 24.25 hours × $50 per hour = | $ 1,212.50 |
| | Total Fee: | $89,687.50 |

### E. *Adjustment of Lodestar Amount*

The lodestar amount is presumed to be a reasonable fee and should be modified only in exceptional cases. *City of Burlington v. Dague,* 505 U.S. 557, 562, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449 (1992); *Watkins,* 7 F.3d at 457. Nevertheless, defendant argues that this amount should be decreased for a variety of reasons. Defendant points to the relatively small amount of damages awarded to plaintiff, the contingent nature of the fee agreement, the overall "desirability" of the case, and the ability of counsel to accept other employment.[6]

### 1. *Results Obtained*

Defendant argues that the fee award should be significantly reduced because plaintiff only recovered $12,233.32 in damages. Plaintiff maintains that any reduction is unwarranted because "a finding that defendant had violated her Title VII rights was as important as any monetary award." Plaintiff points to the fact that she obtained a declaratory judgment and recovered all of her back pay, benefits, and a "respectable" sum for compensatory damages.

The most critical factor in determining the reasonableness of a fee award is the degree of success obtained by the prevailing party. *Farrar v. Hobby,* 506 U.S. 103, 114, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992); *Hensley,* 461 U.S. at 436, 103 S.Ct. at 1941. The trial court must give primary consideration to the amount of damages awarded compared to the relief sought. *Farrar,* 506 U.S. at 114, 113 S.Ct. at 575. However, success is not measured in dollars alone. The combination of a limited monetary award and equitable relief may be "an important and highly significant result obtained." *Kellstrom,* 50 F.3d at 330–31. The Supreme Court has rejected a strict proportionality test based on a mechanical comparison of the amount of damages to the amount of attorney's fees. *City of Riverside v. Riv-*

---

**6.** None of these factors were considered in calculating the lodestar amount and may serve as a basis for adjusting the fee award. *See Shipes,* 987 F.2d at 320.

*era,* 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986). Other courts have routinely upheld fee awards that far exceed the amount of damages recovered. *See, e.g. Kellstrom,* 50 F.3d at 330–31 ($4 million in fees versus $500,000 in damages); *McKenzie v. Cooper, Levins & Pastko, Inc.,* 990 F.2d 1183, 1185 (11th Cir.1993) ($100,000 in fees versus $9,000 in damages); *Hernandez,* 849 F.2d at 144 ($41,800 in fees versus $13,100 in damages).

Plaintiff did testify that her primary motivation in bringing this action was to obtain a finding that the defendant engaged in discriminatory practices. This fact, standing alone, may be grounds for a drastic fee reduction. *See Farrar,* 506 U.S. at 114, 113 S.Ct. at 574 (declaratory relief does not automatically justify an award of attorney's fees). However, plaintiff also recovered $12,233.32 in actual damages. The evidence shows that the defendant never offered more than $10,-000 to settle this case and made no offer of judgment. Plaintiff made an informed decision to reject this settlement offer and proceed to trial. Counsel should not be unduly penalized because his client pursued a course of action that resulted in a greater recovery.

Nevertheless, the Court believes that some reduction in the lodestar amount is warranted. The monetary damages awarded to plaintiff simply do not justify a fee award in the amount of $89,687.50. This would constitute the type of windfall repeatedly condemned by the Supreme Court and the Fifth Circuit. The Court therefore concludes that the lodestar amount should be reduced by 10% based on the results obtained.

### 2. *Contingent Fee Contract*

■ Defendant contends that attorney's fees should be reduced to $5,504.99, or 45% of the amount of recovery, because that is what plaintiff is contractually obligated to pay. This argument was decisively rejected by the Supreme Court in *Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). Counsel for plaintiff is still entitled to a "reasonable fee" even if the agreement with his client provides for a lesser amount. *Blanchard,* 489 U.S. at 92, 109 S.Ct. at 944. However, the contingent nature of the fee arrangement continues to be a factor under the *Johnson* test.

Here, Molberg and his firm agreed to represent plaintiff on a contingent fee basis. He would have received nothing had the case not been successful. This is typical of most employment cases. A plaintiff is rarely able to retain counsel on an hourly basis and must rely on an attorney who is willing to invest time and resources despite an uncertain recovery. Plaintiff agreed to pay her attorney 45% of all monetary damages recovered in this case. Any fees awarded by the court will be offset against that sum. Thus, there is no windfall to counsel and no reason to further reduce the lodestar amount.

### 3. *"Desirability" of the Case*

Defendant argues that the fee should be adjusted because "employment litigation is no longer a poor stepchild to commercial litigation." Defendant points to an explosion in the number of lawsuits over the past twenty years and multi-million dollar jury verdicts in two of those cases.[7] This myopic view of the state of employment law does not alter the fact that these cases are generally deemed "undesirable." Few actions survive a summary judgment and even fewer are successful at trial. One judge in this district has noted that "absent a defendant stupid enough to make an outright admission of discrimination or a pattern of discrimination so obvious as to constitute evidence of discrimination ... a plaintiff will be unable to survive summary judgment." *Dailey v. Johnson & Johnson Consumer Products, Inc.,* 850 F.Supp. 549, 554 (N.D.Tex.1994) (Kendall, J.), *aff'd,* 99 F.3d 1136 (5th Cir., September 26, 1996). There was nothing about this particular case that made it more desirable than any other employment law-

---

7. The two cases cited by defendant are *Burch v. The Coca-Cola Company,* No. 3–94–CV–1894–BD (N.D.Tex.1995) and *Reid v. Brinker International, Inc.,* No. 95–05789–I (Tex.Dist.Ct.1996). In *Burch,* a federal jury awarded $7.1 million in a case under the Americans With Disabilities Act.

The damage award was later reduced to $716,-258.63. This case is currently on appeal to the Fifth Circuit. In *Reid,* a state jury awarded $4.9 million in a sexual harassment case. Defendant filed a motion for judgment notwithstanding the verdict which was granted by the trial court.

suit. Defendant has failed to justify a further reduction of the lodestar amount.

### 4. *Preclusion of Other Employment*

Finally, defendant claims that the fee award should be reduced because counsel was not precluded from other employment. This factor is more appropriate when considering an increase in the lodestar amount rather than a reduction. The Court declines to adjust the fee award on that basis.

### F. *Conclusion*

The Court finds that the lodestar amount of $89,687.50 should be reduced by 10% due to the relatively small amount of monetary damages awarded to plaintiff. No further reduction is warranted. Plaintiff is therefore entitled to reasonable attorney's fees in the amount of $80,718.75.

### III.

### COSTS AND EXPENSES

Plaintiff also seeks costs and expenses in the amount of $6,400.64. Defendant contends that many of the items are not taxable court costs. Specifically, defendant objects to: (1) court reporter fees for five depositions; (2) fees paid to process servers and witnesses who did not testify at trial; (3) the cost of plaintiff's videotaped deposition; (4) fees for electronic legal research; and (5) miscellaneous postage, delivery, and copying charges.

### A. *Applicable Law*

■ Costs shall be awarded to a prevailing party "unless the court otherwise directs." FED.R.CIV. P. 54(d). These costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter for all or part of a deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for exemplification and copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. §§ 1821, 1920. A district court may decline to award court costs listed in the statute but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 891 (5th Cir.1993), *cert. denied,* 510 U.S. 1195, 114 S.Ct. 1303, 127 L.Ed.2d 654 (1994). The standard of review is abuse of discretion. *Nissho–Iwai Co. v. Occidental Crude Sales, Inc.,* 729 F.2d 1530, 1551 (5th Cir.1984).

### B. *Discussion*

■ Most of the objections raised by defendant involve deposition costs, witness fees, and process fees. These costs are itemized as follows: (1) $2,557.35 paid to court reporters for the depositions of Russell Smith, Carol Schwartz, Susan Marshall, Doris Geiseking and Barry Boswell; (2) $170.13 for a copy of plaintiff's videotaped deposition; (3) $240.00 for witness fees paid to Carol Schwartz, Doris Geiseking, Russell Smith, and Melissa Kinnear; and (4) $435.32 for service of deposition and trial subpoenaes on these witnesses.

Schwartz, Marshall and Boswell testified at trial. It therefore appears that all expenses incurred in connection with these witnesses are properly taxable. Plaintiff tried to present evidence of unrelated discriminatory conduct through Geiseking. The Court refused to allow this evidence and the witness did not testify on any other matter. Her appearance at trial was not required but the defendant has failed to show that her deposition was unnecessary. Likewise, Smith and Kinnear were not called as a witness by either party but were deposed prior to trial. Defendant has not shown that their depositions were unnecessary to the presentation of the case.

The Court concludes that plaintiff is entitled to recover all costs associated with the depositions of these witnesses. *See Studiengesellschaft Kohle v. Eastman Kodak Co.,* 713 F.2d 128, 133 (5th Cir.1983) (cost of an original deposition is properly taxable). This includes court reporter fees in the amount of $2,557.35, witness fees in the amount of $120.00, and process fees in the amount of $219.82. Plaintiff is not entitled to any costs incurred in compelling the appearance of Dorothy Geiseking or Melissa Kinnear at trial. The Court will disallow witness fees in the amount of $80.00 and process fees

in the amount of $107.75.[8]

 Plaintiff also seeks to recover $170.13 for plaintiff's videotaped deposition. The cost of a videotaped deposition cannot be recovered without prior authorization from the court. *Coats,* 5 F.3d at 891; *Ezelle v. Bauer Corp.,* 154 F.R.D. 149, 155 (S.D.Miss. 1994). No such authorization was obtained in this case. Therefore, this expense must be disallowed.

 Finally, defendant objects to all expense items related to computerized legal research, courier fees, postage, and copying expenses. Plaintiff has failed to provide any authority to support her request for $139.47 for Westlaw charges, $170.15 for delivery fees, and $52.62 for postage. These items are more akin to overhead costs which cannot be recovered under 28 U.S.C. § 1920. *See, e.g. Odom,* 782 F.Supp. at 53. The Court may tax costs for photocopies that are necessarily obtained for use in the litigation. A party seeking such costs must offer some proof of necessity. *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir.1994); *Fogleman v. ARAMCO,* 920 F.2d 278, 286 (5th Cir.1991). The Fifth Circuit has held that:

> While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation. The [losing party] should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines.

*Fogleman,* 920 F.2d at 286.

Guided by this standard, the Court finds that plaintiff has failed to substantiate her claim for reproduction costs. The cost statement seeks reimbursement in the amount of $1,383.20 for 6,916 copies of documents. Plaintiff does not even attempt to identify

the documents or justify the need for copies. These expenses are disallowed.

### C. *Conclusion*

Plaintiff is entitled to court costs in the amount of $4,297.32. These costs shall be taxed against the defendant in accordance with Rule 54(d) of the Federal Rules of Civil Procedure.

SO ORDERED.

---

8. A process server charged a total of $215.50 to serve four witnesses with trial subpoenas on June 13, 1996. Doris Geiseking and Melissa Kinnear were among those served. The Court has disallowed these expenses and reduced the process fee accordingly.