**Joseph MUELLER, Appellant,**

v.

**CITY OF LOS ANGELES FIRE DEPARTMENT, Appellee.**

No. 78–2687.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 1980.

Decided Aug. 22, 1980.

Joseph Mueller, pro se.

Shelly I. Rosenfield, Los Angeles, Cal., for appellee.

Before GOODWIN and ALARCON, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM.

Joseph Mueller brought a Title VII action against the Los Angeles Fire Department claiming that he had been discharged because of his national origin in violation of 42 U.S.C. § 2000, *et seq.*, as amended. The District Court dismissed the action with

* The Honorable Gordon Thompson, Jr., United States District Judge for the Southern District of California, sitting by designation.

prejudice because Mueller's charge was not timely filed with the Equal Employment Opportunity Commission.

Mueller was discharged effective February 5, 1971, and the discrimination complained of, if any, occurred at that time. He did not file his complaint with the EEOC until July 6, 1972, approximately 18 months after he had been discharged. Title 42 U.S.C. § 2000e–5.(e) provides that before Title VII actions may be prosecuted in federal court the plaintiff must have filed a charge with the EEOC within 180 days after the occurrence of the unlawful employment practice or, if the plaintiff had initially instituted proceedings with an appropriate state agency, within 300 days after the occurrence.

Mueller argues that time did not begin to run when he was discharged on February 5, 1971, but on October 15, 1971, when the City of Los Angeles Civil Service Commission ruled that the discharge was justified. To adopt Mueller's argument would conflict with the time limits contained in the federal statute because any person aggrieved by an employer's personnel action could keep the controversy alive for a considerable period within the employing agency's personnel review procedures with resulting uncertainty in the time when federal action, if any, is to be commenced. *See International Union of Electrical, Radio & Machine Workers v. Robbins & Meyers, Inc.*, 429 U.S. 229, at 236–38, 97 S.Ct. 441, at 446–447, 50 L.Ed.2d 427 (1976).

Because Mueller commenced his federal proceedings out of time under any theory, and no reason has been given for equitable tolling of the limitations period, dismissal was appropriate. This is not a case in which the employee was misled by the employer. *See, e. g., Hart v. J. T. Baker Chemical Corp.*, 598 F.2d 829 (3rd Cir. 1979); *Coke v. General Adjustment Bureau, Inc.*, 616 F.2d 785 (5th Cir. 1980).

Affirmed.