134 F.3d 378
 11 NDLR P 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Elisa LEPTICH, Plaintiff-Appellant,
v.
CITY COLLEGE OF SF; S.F. City County; S.F. Community
College District; Policy Analysis of California Education;
Local 2121 American Federation of Teachers; Disabled
Students Programs & Services, California Community Colleges;
 
 James B. Guthrie, Professor; Larry Klein, Director of
 Labor Relations; Rodger Scott, President AFT, Local 2121;
 Ralph Black, Assistant Vice Chancellor; David Mertes, State
 Chancellor; Louise Renne, City Attorney; Evan S. Dobelle,
 Chancellor CCSF, Defendants-Appellees.
 No. 96-16873.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
 Decided Jan. 15, 1998.
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elisa Maria Leptich ("Leptich") appeals pro se from the dismissal of her claims against the City College of San Francisco ("City College") and the City and County of San Francisco (the "City"). The district court dismissed Leptich's employment discrimination ("Title VII") and 42 U.S.C. § 1983 claims with prejudice and dismissed her Americans with Disabilities Act ("ADA") and California Labor Code claims without prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review a Rule 12(c) judgment on the pleadings de novo. Smith v. National Steel & Shipbuilding Co., 125 F.3d 751, 753 (9th Cir.1997). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving part[ies, here the City and the City College, are] entitled to judgment as a matter of law." Id. We affirm in part, reverse in part, and remand.
 
 
 3
 * Leptich contends that the district court erred in dismissing her Title VII claim because sections of Title VII have been incorporated as the enforcement provisions for the ADA. See 42 U.S.C. § 12117. The ADA does incorporate §§ 2000e-4-9 of Title VII for the enforcement of the ADA. This does not mean that claims asserting ADA violations should be brought under Title VII, but rather that the Title VII enforcement provisions incorporated by reference are the enforcement procedures for substantive ADA violations. The district court properly construed Leptich's Title VII claim as a claim under the ADA.
 
 II
 
 4
 Leptich argues that the district court erred in dismissing her ADA claim for failure to exhaust administrative remedies. Leptich is required to exhaust her administrative remedies before seeking judicial relief for her ADA claim. See 42 U.S.C. § 12117(a) (incorporating Title VII procedures). Charges which are not first raised in an administrative complaint may not be the basis of a complaint in federal court. See Stache v. Int'l Union of Bricklayers, 852 F.2d 1231, 1233 (9th Cir.1988).
 
 
 5
 Leptich's employment was terminated on July 15, 1992. Leptich filed a complaint with the Department of Fair Employment and Housing ("DFEH") to initiate state proceedings on August 6, 1993. The district court found that Leptich failed to raise her ADA claim in her DFEH complaint. Leptich argues that a DFEH official filled out the complaint form in a manner that incorrectly generalized her contentions. She asserts that she did raise her ADA claim with the DFEH as required. She suggests that the district court should have liberally construed her DFEH complaint. We do not reach the question of whether Leptich's ADA claim is within the scope of her DFEH charges because we find that Leptich's complaint with the Equal Employment Opportunity Commission ("EEOC") was not timely.
 
 
 6
 A complainant has 180 days from the date of the alleged discrimination to file a complaint with the EEOC. 42 U.S.C. § 2000e-5(e)(1) (1997). If the complainant initiates state proceedings, the complainant then has 300 days from the date of the alleged discrimination or 30 days from the date of termination of the state proceedings, whichever is earlier, to file a charge with the EEOC.[2] Id. We have held that "the time period for filing a complaint of discrimination begins to run when the facts that would suggest a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights." Boyd v. United States Postal Service, 752 F.2d 410, 414 (9th Cir.1985) (citing Bickman v. Miller, 584 F.2d 736, 738 (5th Cir.1978)).
 
 
 7
 Leptich had 300 days from July 15, 1992 to file a complaint with the EEOC. Leptich first complained to the EEOC on October 5, 1993, well outside the required 300 day period. She received a letter from the EEOC on November 9, 1993, stating that she did not need to obtain a right to sue letter from the EEOC because she had already received a right to sue letter from the DFEH. The district court found that the 300 day statutory filing period should be equitably tolled because the EEOC informed Leptich that she did not need to file a complaint with the EEOC because she had already filed one with the DFEH. The court found that Leptich might have been able to file a timely EEOC complaint had she been properly informed that this was required before filing suit in federal district court. We disagree.
 
 
 8
 We conclude that the district court relied on the wrong date in construing the effect of the EEOC letter. The date of the EEOC letter is printed incorrectly in the district court's order on page 8 as November 9, 1992, instead of November 9, 1993. By the time Leptich received this letter from the EEOC the 300 day filing period had already expired. Leptich did not file a complaint with the DFEH or the EEOC within the 300 day statutory period.
 
 
 9
 This is not a case where conduct that occurred prior to the 300 day period is part of a "continuing violation" of complainant's rights under the ADA. See, e.g., Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir.1990). Leptich's ADA claim generally asserts that the City College fired her for her temporary disability and for filing discrimination complaints on behalf of her disabled students. Leptich does not allege that additional discriminatory conduct occurred within the 300 day period. Thus, the date of Leptich's termination began the 300 day period within which Leptich was required to file her complaint with the EEOC. See Delaware State College v. Ricks, 449 U.S. 250, 257 (1980). We must affirm the decision below although the basis of our decision differs from that of the district court. Keniston v. Roberts, 717 F.2d 1295, 1300 n. 3 (9th Cir.1983). Accordingly, we affirm the district court's dismissal of Leptich's ADA claim.
 
 III
 
 10
 Leptich contends that the district court erred in dismissing her § 1983 claim alleging a due process violation for deprivation of property. Although her brief is unclear, Leptich apparently contends that the City College and the City are not immune from suit on this claim. Leptich's argument does not address the actual basis of the district court's decision. The district court found that Leptich's § 1983 claim fell within the "random and unauthorized" exception to due process protection because Leptich failed to allege that the actions of the City and the City College were taken in accordance with any procedure or process.
 
 
 11
 We conclude that Leptich failed to allege a liberty or property interest entitled to due process protection. Leptich's complaint merely states that part of her personnel file was destroyed and her case was not dealt with by the city because of an alleged conflict of interest. "The hallmark of property ... is an individual entitlement grounded in state law, which cannot be removed except 'for cause'." Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982) (citation omitted). Leptich has failed to demonstrate that her personnel file or attention by the city to her grievances constitute property interests as defined by. California state law. We affirm the dismissal of Leptich's § 1983 claim on this basis.
 
 IV
 
 12
 Leptich contends that the district court abused its discretion in declining to exercise supplemental jurisdiction over Leptich's California Labor Code claim. She cites Wood v. County of Alameda, 875 F.Supp. 659 (N.D.Cal.1995), for the proposition that the ADA preempts the exclusive remedy provision of the California Labor Code. In Wood, the court held that a claimant may concurrently seek relief under the California Labor Code and the ADA. The court in Wood did not discuss the question of when a district court has the discretion to dismiss a state law claim under 28 U.S.C. § 1367(c).
 
 
 13
 28 U.S.C. § 1367(c) provides that where all federal claims have been disposed of, the exercise of supplemental jurisdiction over any remaining state claim is unwarranted. While the district court had the power to exercise supplemental jurisdiction over Leptich's state law claim even though no federal claims remained, it is well within the discretion of the court to decline to exercise supplemental jurisdiction in this case. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.1997) (en banc).
 
 V
 
 14
 Leptich's other arguments are without merit. Leptich argues that the district court erred in denying her motion to impose sanctions on counsel for the City and the City College. The record indicates that Judge Walker denied this request because Leptich's arguments in favor of sanctions were incomprehensible. Leptich fails to demonstrate that this ruling was an abuse of discretion. See Murdock v. Stout, 54 F.3d 1437, 1444 (9th Cir.1995) (reviewing district court's denial of motion for sanctions for abuse of discretion).
 
 
 15
 Leptich asserts that the district court violated her First Amendment and procedural due process rights by striking her first amended complaint as untimely. We review the district court's order striking Leptich's first amended complaint as untimely for abuse of discretion. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992) (reviewing "a district court's dismissal of an action for failure to comply with the court's order requiring submission of an amended complaint in a timely manner" for abuse of discretion). In its order granting Leptich leave to amend, the court explicitly informed Leptich that the amended complaint had to be filed on or before August 11, 1995. Leptich's amended complaint was filed on August 14, 1995. Judge Walker struck the amended complaint because it was untimely and merely attempted to add additional defendants, most of whom were employees of the existing defendants. Leptich has failed to show that Judge Walker abused his discretion in striking the amended complaint.
 
 
 16
 Leptich finally contends that Judge Walker abused his discretion by failing to address 28 U.S.C. § 455 in his denial of her motion for recusal. The court construed Leptich's motion for recusal as pursuant only to 28 U.S.C. § 144. In her motion for recusal, Leptich did not state any reason to question Judge Walker's impartiality under § 455. Accordingly, the court did not abuse its discretion in declining to address 28 U.S.C. § 455 in its order denying Leptich's motion for recusal. See Hamid v. Price Waterhouse, 51 F.3d 1411, 1414 (9th Cir.1995) (reviewing a district court's refusal to disqualify the presiding judge for abuse of discretion).
 
 
 17
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Leptich's motion requesting an extension of time to request oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We conclude that the district court's dismissal of Leptich's ADA and California Labor Code claims without prejudice is appealable pursuant to 28 U.S.C. § 1291 as a final decision because the district court did not grant leave to amend and ordered the file closed. See Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 746-47 (9th Cir.1993) (holding a dismissal is final for purposes of 28 U.S.C. § 1291 when focusing on "the effect of the ruling" it appears that the district court intended to terminate litigation in that court despite an ambiguous dismissal order)
 
 
 [2]
 The fact that Leptich took advantage of the City College's administrative review procedures through her local union chapter does not excuse Leptich from filing a timely complaint with the EEOC. See Mueller v. City of Los Angeles Fire Dept., 637 F.2d 616, 617 (9th Cir.1980) (Per Curiam)